# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4834 | **DATE** | 1/23/2001 |
| **CASE TITLE** | | Moffett vs. Henderson | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion for summary judgment is granted and the case is dismissed. Enter Memorandum Opinion and Order. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 us | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 24 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | *eau* | 21 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/23/2001 | |
| MPJ | courtroom deputy's initials | FILED FOR DOCKETING 01 JAN 23 PM 5: 55 | date mailed notice | |
| | | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED

JAN 24 2001

| | | |
|---|---|---|
| FELIPE MOFFETT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 99 C 4834 |
| WILLIAM HENDERSON, Postmaster General, United States, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Mr. Moffett claims that he was discriminated against by his employer, the United States Postal Service ("USPS"), when his supervisor, Ruby Branch, denied his request for a FMLA leave of absence (although his supervisor granted non-FMLA leave) and did not reappoint him after the expiration of his temporary appointment. The government moves for summary judgment. Mr. Moffett's response to the government's motion contains only a general denial of the government's statement of material facts and a request for a trial date. I therefore grant the motion.

I construe Mr. Moffett's submissions liberally because he is a pro se plaintiff. *See Curtis v. Bembenek*, 48 F.3d 281, 283 (7th Cir. 1995). Pro se litigants are entitled to notice of the consequences of failing to respond to a motion for summary judgment, *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992), and the government mailed a *Timms* notice to Mr. Moffett with its motion

21

on September 19, 2000. The notice included an explanation of Fed. R. Civ. P. 56 and N.D. Ill. Local Rule 56.1, in addition to the text of both rules. In order to survive a motion for summary judgment, Mr. Moffett must show that there are factual issues for trial by providing a statement of the facts as he sees them. It is not enough to just deny that the government's version of the facts; he must come forward with admissible evidence (in the form of affidavits or parts of the record) such that a reasonable juror, looking at the facts as he presents them, would find in his favor.

If a party fails to file a Local Rule 56.1(b)(3) statement responding to the moving party's statement of undisputed facts, the statement of facts submitted by the moving party will be taken as true. Local Rule 56.1(b)(3)(B). Mr. Moffett's response to the government's summary judgment motion contained only a general denial of the facts set forth by the government, which is insufficient to comply with either Fed. R. Civ. P. 56(e) or Local Rule 56.1(b)(3)(B). *See Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 237 (7th Cir. 1991); Local Rule 56.1(b)(3)(A). Mr. Moffett had notice of the requirements of the local and federal rules and failed to comply with them, so I consider him to have admitted to the government's factual assertions. Mr. Moffett's failure to effectively contest the government's factual case does not mean that he automatically loses on summary judgment. I must look at the facts, as the government asserts them, in the light

most favorable to Mr. Moffett to determine whether the government is entitled to judgment as a matter of law. *See Curran v. Kwon*, 153 F.3d 481, 486 (7th Cir. 1998).

To make out a case for employment discrimination based on sex, Mr. Moffett must show that (1) he was a member of a protected class, (2) he performed his job satisfactorily, (3) he suffered an adverse employment action, and (4) his employer treated similarly situated females more favorably. *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 204 (1996). To make out a case based on retaliation, he must show (1) that he is in a statutorily protected group, (2) that he suffered an adverse employment consequence, and (3) that there is a causal connection between the protected status or activity and the adverse action. *Vanasco v. National-Louis Univ.*, 137 F.3d 962, 968 (7th Cir. 1998). Once Mr. Moffett makes out a prima facie case for either discrimination or retaliation, the government must demonstrate a non-discriminatory or non-retaliatory reason for the adverse action. *Id.* Then the burden shifts to Mr. Moffett to show that the offered reason is pretextual and that the actual reason was discriminatory or retaliatory. *Id.*

Here the government has offered justifications for both actions -- granting leave, but not on FMLA grounds, and not reappointing Mr. Moffett after his temporary appointment had expired -- so the burden shifts back to Mr. Moffett to show that there is pretext. The government explains that the USPS granted

non-FMLA leave because Mr. Moffett's application, submitted on December 6, 1995, requested FMLA leave beginning on December 7, 1995, and it would have taken more than a day to determine if FMLA leave was warranted. Mr. Moffett's only arguments that he was discriminated against on the basis of sex are that he was sometimes asked to lift heavy things and that female employees received FMLA leave and he did not. Although he has made out the bare elements of the prima facie case, he does not come forward with any argument to suggest that the government's reasons were a pretext for sex discrimination.

The government claims that Mr. Moffett was not reappointed as a transitional employee when his appointment expired on December 20, 1995, because his status as a transitional employee was changed to a casual employee pursuant to a 1993 collective bargaining agreement. Casual employees are temporary employees, appointed for 89-day cycles that require a 5-day layoff before reappointment is allowed. Mr. Moffett's request for leave of absence from December 7, 1995 to March 7, 1996, made him unavailable for reappointment when his transitional appointment expired. Moreover, the government suggested that Mr. Moffett's inflexibility in scheduling was a reason for not reappointing him. Mr. Moffett argues that the real reason he was fired was that he sought union assistance with a grievance for wrongful termination in December 1994. The union grievance involved a mistake by the USPS about mandatory overtime

shifts; it had nothing to do with discrimination, and Mr. Moffett was immediately re-instated with back pay. The 1994 dispute involved different supervisors from this dispute, and although his current supervisor, Ms. Branch, was aware of the settlement of the 1994 grievance, Mr. Moffett has not come forward with evidence to suggest that the decision not to rehire him one year later was a pretext for retaliatory motives. Without more, the one year lapse in time is too speculative to support a claim of retaliation. *See Bush v. Commonwealth Edison Co.*, 990 F.2d 928, 934 (7th Cir. 1993) (year and a half). No reasonable jury could conclude that there was pretext for retaliation where the actions involved different subject matters, different supervisors, and occurred a year apart. The government's motion for summary judgment is granted.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: January 23, 2001

5

Copies have been mailed to:

Felipe Moffett
15042 Dorchester Ave., Apt. 2E
Dolton, IL 60419

Plaintiff

Ann L. Wallace
Assistant U.S. Attorney
219 S. Dearborn Street
Chicago, IL 60604

Attorney for Defendant